```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF ALABAMA
                      NORTHERN DIVISION

UNITED STATES OF AMERICA,     )
                              )
          PLAINTIFF,           )
                              )
     v.                       )   CIVIL ACTION NO. 2:07cv694-MEF
                              )
ONE PARCEL OF PROPERTY        )
LOCATED AT 867 COUNTY ROAD    )
227, CLANTON, CHILTON         )
COUNTY, ALABAMA, WITH ALL     )
APPURTENANCES AND             )
IMPROVEMENTS THEREON,         )
                              )
          DEFENDANT.           )
```

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE CLAIMS OF ROYCE WILLIAMS AND MARA WILLIAMS

Rule G(5) of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims provides for the filing of a claim to the res subject to forfeiture. It states as follows:

Rule G. Forfeiture Actions <u>In Rem</u>.

(5) Responsive Pleadings.

   (a) Filing a Claim.

      (i) A person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending. The claim must:

         (A)  identify the specific property claimed;

         (B)  identify the claimant and state the claimant's interest in the property;

         (C)  be signed by the claimant under penalty of perjury;

         (D)  be served on the government attorney designed under Rule G(4)(a)(ii)(C) or (b)(ii)(D).

Title 18, United States Code, 983(a)(4)(A) holds that:

> ....any person claiming an interest in the seized property may file a claim asserting such person's interest in the property in the manner set forth in the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims, except that such claim may be filed not later than 30 days after the date of service of the Government's complaint or, as applicable, not later than 30 days after the date of final publication of notice of the filing of the complaint.

On or about November 10, 2007, Royce Williams and Mara Williams (hereinafter, "the Williams") filed their claims. The United States moves to strike these claims because neither is signed by the claimant under penalty of perjury as required by law.

Rule G(5) requires that the claim be signed *by the claimant* under penalty of perjury. A claim is essential to conferring statutory standing in civil forfeiture cases. A claimant's typed signature on the claim form is not sufficient, nor is signature of counsel unless counsel verifies the matters stated, states his authority to file the claim, and has his signature notarized. United States v. $138,920.00 in U.S. Currency, 2005 WL 2211183, (S.D. Ohio 2005). A district court may require individuals to strictly comply with the rule when bringing claims. See United States v. $125,938.62, 370 F.3d 1325, 1328-29 (11th Cir. 2004).

Because the Williams have not filed proper claims, they lack statutory standing in this case and cannot file any pleading. Accordingly, their claims must be stricken.

Respectfully submitted this 4th day of January, 2008.

                        FOR THE UNITED STATES ATTORNEY
                              LEURA G. CANARY

/s/John T. Harmon
John T. Harmon
Assistant United States Attorney
Bar Number: 7068-II58J
Office of the United States Attorney
Middle District of Alabama
131 Clayton Street
Post Office Box 197
Montgomery, Alabama 36101-0197
Telephone:(334) 223-7280
Facsimile:(334) 223-7560

CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2008, I electronically filed the foregoing Memorandum of Law in Support of Motion to Strike with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: **David B. Karn**.

/s/John T. Harmon
John T. Harmon
Assistant United States Attorney