**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CIVIL ACTION NO. 2:07-cv-694-MEF** |
| | ) |
| **ONE PARCEL OF PROPERTY LOCATED AT 867 COUNTY ROAD 227, CLANTON, CHILTON COUNTY, ALABAMA, WITH ALL APPURTENANCES AND IMPROVEMENTS THEREON,** | ) |
| | ) |
| **Defendant.** | ) |

---

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CIVIL ACTION NO. 2:07-cv-1104-MEF** |
| | ) |
| **EIGHTEEN THOUSAND FOUR HUNDRED ($18,400) DOLLARS IN UNITED STATES CURRENCY,** | ) |
| | ) |
| **Defendant.** | ) |

**UNITED STATES' MOTION TO STAY CIVIL FORFEITURE PROCEEDING**

Comes now the undersigned Assistant United States Attorney for the Middle District of Alabama, Tommie Brown Hardwick, and files this motion to stay the instant civil forfeiture proceeding pursuant to 18 U.S.C. § 981(g), as incorporated by 21 U.S.C. § 881(I). In support of this motion, the United States respectfully submits the following:

Procedural History

1. On July 27, 2007, law enforcement agents executed a state search warrant at 867 County Road 227, Clanton, Chilton County, Alabama, the residence of Royce and Mara Williams. During the search of Defendant property, approximately 408 marijuana plants, approximately three plastic containers of dried marijuana, firearms, weight scales of a type used in drug trafficking, items used in marijuana cultivation, drug paraphernalia, and $18,400 in United States currency (the Defendant currency) were seized.

2. The Drug Enforcement Administration ("DEA") commenced administrative forfeiture proceedings against the Defendant currency. On October 1, 2007, Claimants Royce Williams and Mara Williams filed a claim of ownership with the DEA, thereby requiring the United States to file its civil forfeiture proceeding within 90 days. (*See* 18 U.S.C. § 983(a)(3)(A)).

3. On July 31, 2007, the United States filed its Complaint against the Defendant real property in case number 2:07-cv-694. (Doc. 1). In its Complaint, the United States alleged that the Defendant real property is subject to forfeiture to the United States under 21 U.S. § 881(a)(6) in that it was used or intended to be used, to commit, or to facilitate the commission of a violation of 21 U.S.C. § 841(c).

4. On December 19, 2007, the United States filed its Complaint for Forfeiture against the Defendant currency in case

number 2:07-cv-1104-MHT. (Doc. 1). In its Complaint, the United States alleged that the Defendant currency is subject to forfeiture to the United States under 21 U.S.C. § 881(a)(6), in that it constitutes monies furnished, or intended to be furnished, in exchange for controlled substances, or represents proceeds of trafficking in controlled substances or was used or intended to be used to facilitate violations of 21 U.S.C. §§ 801 et seq.

5. On October 4, 2007, Claimants Royce Williams and Mara Williams filed a deficient answer to the United States' Complaint (Doc. 5). Following motions to strike filed by the United States (Docs. 7, 21), Claimants corrected the deficiency and filed their verified claims on January 7, 2008. (Docs. 23, 24).

6. On January 29, 2008, the United States filed a motion to consolidate the above referenced cases (Doc. 8 and Doc. 27 respectively). The cases were consolidated under lead case number 02:07-cv-694. (Docs. 10 and 28 respectively).

Relevant Factors Supporting a Stay

7. The amended statute, 18 U.S.C. § 981(g), as incorporated by 21 U.S.C. § 881(i) provides for the stay of a civil forfeiture case pending the conclusion of a criminal investigation or trial. Section 981(G)(1) states: "Upon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or

the prosecution of a related criminal case."

8. Claimants Royce Williams and Mara Williams are the subjects of a related criminal investigation. Particularly, the parties may be charged in the Middle District of Alabama based upon the search executed at their residence on July 27, 2007.

9. In the instant case, a stay is necessary to protect the government's criminal investigation and/or potential prosecution from the expansive scope of civil discovery.

10. On August 23, 2000, 18 U.S.C. § 981(g) was amended. The amended statute provides in pertinent part as follows:

> (1) Upon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case.
>
> (2) Upon the motion of a claimant, the court shall stay the civil forfeiture proceeding with respect to that claimant, if the court determines that
>
> (A) the claimant is the subject of a related criminal investigation or case;
>
> (B) the claimant has standing to assert a claim in civil forfeiture proceeding; and
>
> (C) continuation of the forfeiture proceeding will burden the right of the claimant against self-incrimination in the related investigation or case.

11. This amendment is part of the Civil Asset Forfeiture Reform Act of 2000, ("CAFRA") which became effective August 23, 2000. This provision of CAFRA is intended to give both the Government and the claimant in a civil forfeiture case the right to seek a stay of the forfeiture proceeding in order to protect a vital interest in a related criminal case. Moreover, the amended

statute removes a limitation in the predecessor statute that provided for a stay only after a criminal indictment or information was filed. The reference to "related criminal investigation" recognizes that civil discovery is at least as likely to interfere with an on-going undercover investigation, the use of court-ordered electronic surveillance, or the grand jury's performance of its duties as with the Government's ability to bring a criminal case to trial. In the instant case, the case is still in the investigative stage. The Court shall stay the civil forfeiture proceedings upon motion of the Government and a showing of "good cause."

12. Numerous courts have held that the possibility that the broader civil discovery available to a claimant in a civil case will interfere with the criminal prosecution constitutes "good cause." *See United States v. One Single Family Residence Located at 2820 Taft St.*, 710 F. Supp. 1351, 152 (S.D. Fla. 1989)(stay granted where "scope of civil discovery could interfere with criminal prosecution"); *United States v. Property at 297 Hawley St.*, 727 F. Supp. 90.91 (W.D.N.Y. 1990) (good cause requirement satisfied where stay necessary to protect criminal case from "potentially" broad discovery demands of claimant/defendant).

13. In the instant case, civil discovery could compromise confidential law enforcement information, as well as provide improper opportunities for the claimants to prematurely ascertain the details of the ongoing criminal investigation.

WHEREFORE, the United States requests the stay of the instant civil forfeiture proceeding pending the resolution of the related criminal investigation and any criminal prosecution. The outcome of those proceedings likely will determine the outcome of the instant case. A proposed order is attached.

Respectfully submitted this 10th day of July, 2008.

LEURA G. CANARY
UNITED STATES ATTORNEY

**/s/Tommie Brown Hardwick**
TOMMIE BROWN HARDWICK
Assistant United States Attorney
Bar Number: ASB4152 W86T
131 Clayton Street
Montgomery, Alabama 36104
Phone: (334) 223-7280
Fax: (334) 223-7135
E-mail: tommie.hardwick@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on July 10, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: David B. Karn.

Respectfully submitted,

**/s/Tommie Brown Hardwick**
TOMMIE BROWN HARDWICK
Assistant United States Attorney

**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.** **CIVIL ACTION NO. 2:07-cv-694-MEF**

**ONE PARCEL OF PROPERTY LOCATED AT 867 COUNTY ROAD 227, CLANTON, CHILTON COUNTY, ALABAMA, WITH ALL APPURTENANCES AND IMPROVEMENTS THEREON,**

**Defendant.**

---

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.** **CIVIL ACTION NO. 2:07-cv-1104-MEF**

**EIGHTEEN THOUSAND FOUR HUNDRED ($18,400) DOLLARS IN UNITED STATES CURRENCY,**

**Defendant.**

**O R D E R**

The Court finds that good cause appears for the stay requested by the United States pursuant to Title 18, United States Code, Section 981(g). The instant civil forfeiture proceeding is stayed pending the resolution of the related criminal investigation and any criminal prosecution of Claimants Royce Williams and Mara Williams.

SO ORDERED this _______ day of ____________, 2008.

__________________________________
CHIEF UNITED STATES DISTRICT JUDGE