IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 2:07-cv-694-MEF |
| | ) | |
| ONE PARCEL OF PROPERTY LOCATED | ) | |
| AT 867 COUNTY ROAD 227, CLANTON, | ) | |
| CHILTON COUNTY, ALABAMA, and | ) | |
| All Appurtenances and Improvements | ) | (WO- Do Not Publish) |
| Thereon, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 2:07-cv-1104-MEF |
| | ) | |
| EIGHTEEN THOUSAND FOUR | ) | |
| HUNDRED DOLLARS IN UNITED | ) | |
| STATES CURRENCY ($18,400), | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on the Motion for Jury Trial (Doc. # 59) filed on December 10, 2009. By this motion, Mara Lynn Williams ("Williams"), the sole remaining claimant in these consolidated civil forfeiture actions, seeks to add a jury demand to this action pursuant to Federal Rule of Civil Procedure 39(b). The United States of America ("United States") opposes this motion. For the following reasons, the motion will be GRANTED.

By these two cases, the United States seeks ownership of $18,400.00 in United States currency and a parcel of land located in Chilton County, Alabama. The United States filed the forfeiture action against the land in July of 2007, and it filed the forfeiture action against the currency in December of 2007. The United States did not demand a jury. Appearing through counsel, Williams and her now deceased husband filed claims contesting the forfeiture, but they failed to include a jury demand in either claim. After his suicide during his criminal trial, Williams' husband's claim was dismissed. After the cases were consolidated, the Court set them for non-jury trial in a two-week trial term beginning on March 8, 2010.

Williams, who has no legal training, had been growing dissatisfied with her retained counsel, when she discovered in December of 2009, that the case would not be tried to a jury. This upset Williams, who then fired her attorney and obtained new counsel. Williams' new counsel promptly filed the instant motion request a jury trial. The United States has indicated its opposition to the motion.

The Federal Rules of Civil Procedure acknowledge and preserve the right of trial by jury as declared by the Seventh Amendment to the Constitution or as provided by federal statute. Fed. R. Civ. P. 38(a). However, "[a] party waives a jury trial unless its demand is properly served and filed." Fed. R. Civ. P. 38(d). It is undisputed here that neither party properly served and filed a timely written jury demand. Federal Rule of Civil Procedure 39(b) provides that "[i]ssues on which a jury trial is not properly demanded are to be tried

by the court. But the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b). This Court has broad discretion in determining whether to relieve a party from waiver of jury trial pursuant to Rule 39(b). *See, e.g., Parrott v. Wilson*, 707 F.2d 1262, 1267 (11th Cir.), *cert. denied*, 464 U.S. 936 (1983); *Swofford v. Swofford*, 336 F.2d 406, 408-09 (5th Cir. 1964).[1] "In this circuit, the general rule governing belated jury requests under Rule 39(b) is that the trial court 'should grant a jury trial in the absence of strong and compelling reasons to the contrary.'" *Parrott*, 707 F.2d at 1267 (citing *Swofford*, 336 F.2d at 408). In considering the merits of a Rule 39(b) motion, the court should consider the following factors:

> (1) whether the case involves issues which are best tried to a jury; (2) whether granting the motion would result in a disruption of the court's schedule or that of the adverse party; (3) the degree of prejudice to the adverse party; (4) the length of the delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial.

*Parrott*, 707 F.2d at 1267. In balancing these factors, a court should give considerable weight to the movant's excuse for failing to make a timely jury request. *Id.* If the failure is due to mere inadvertence on the movant's part, then generally a district court may deny the motion without fear of reversal. *Id.*

The Court has carefully considered the arguments of the parties and weighed the relevant factors. It is beyond dispute that the case involves issues well-suited to trial by jury.

---

[1] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. Nov. 3, 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

Furthermore, the granting the motion will not result in any serious disruption of the Court's schedule. The Court is able to accommodate the request by continuing the consolidated cases to its May 2010 jury term, a continuance of less than two months to a term which has a relatively small number of pending cases set in it. From the information provided to the Court, the continuance to the May 2010 jury term would not disrupt the schedule of counsel for the United States. Indeed, it appears less likely to conflict with the other trial obligations of counsel for the United States than the current March 2010 setting. Moreover, to the extent that counsel expresses concerns about discovery which would have been conducted had it been known that the case would be tried before a jury and not the Court, the Court is inclined to continue the discovery deadline along with the setting a new trial date. While the United States articulates an argument that it would be prejudiced by the delay predicated on some of the media coverage of this case in September of 2009, the Court is not persuaded that the continuance necessitated by the jury demand will increase prejudice associated with that media coverage. In fact, it seems more likely that the passage of more time is likely to reduce any attendant prejudice. Additionally, this concern is one that *voir dire* can easily address. The length of delay here is significant, but it is perhaps exaggerated by factors beyond Williams' control which arose out of the length of time the case was stayed pending her late husband's criminal trial and the Court's desire to set this case after she had some time to recover from the shock of her husband's suicide during his criminal trial.

Finally, the Court turns to Williams' proffered reason for the delay in requesting a jury trial. Williams lacks training in the law. She relied on her attorney to advise her with respect to this case, but experienced problems in getting information from him. Perhaps most salient to the issues before this Court, he never told her that her case would not be a jury trial. Based on her very limited experience with the legal system from her husband's criminal case, Williams assumed that her claim in this case would be tried to a jury. She has presented sworn testimony to this Court indicating that she did not know until December of 2009 that the case was scheduled for trial without a jury.[2]

Williams' original counsel has little experience handling cases in this Court and as far as court records disclose he has no experience handling forfeiture cases. Indeed, he demonstrated this inexperience by failing to properly file claims under Rule G(5) of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims. Neither of the original claims in this matter were signed by Williams or her husband under penalty of perjury as required by law. This same counsel failed to make a jury demand during the entire time he represented Williams; instead the motion for a jury trial was filed on the very day that Williams' new counsel filed his notice of appearance as counsel of record for Williams. Given the other problems with his representation, the Court concludes that the failure to make a jury demand was more than mere inadvertence on the part of Williams' original

---

[2] In response, the United States merely contends that for a variety of reasons this testimony is not credible. The Court is not persuaded by these arguments.

counsel, but instead speaks to ineptitude at least in this aspect of the practice of law.

Considering all of the factors together and the unique circumstances of this case, the Court finds that there is an absence of strong and compelling reasons to deny the motion for jury trial and that the factors weigh in favor of this Court granting the request pursuant to Rule 39(b). Accordingly, it is hereby ORDERED as follows:

1. The Motion for Jury Trial (Doc. # 59) is GRANTED.

2. These consolidated cases will be set for trial by jury on the term of court commencing on May 3, 2010, in Montgomery, Alabama.

3. Accordingly, the non-jury setting of these consolidated cases on March 8, 2010 is STRICKEN.

4. The February 12, 2010 pretrial conference is continued to **April 9, 2010**, in the Chambers of the United States District Judge Mark E. Fuller, United States Courthouse, One Church Street, A-300, Montgomery, Alabama.

5. The deadline for the completion of all discovery is hereby extended from January 29, 2010 to **April 16, 2010**

6. The parties shall disclose to each other the identity of ANY person who may be used at trial to present evidence under Rules 701, 702, 703, or 705 of the Federal Rules of Evidence, and provide the reports of retained experts or witnesses whose duties as an employee of the party regularly involved giving expert testimony, required by Rule 26(a)(2) of the Federal Rules of Civil Procedure, as follows:

From the plaintiff - **January 25, 2010.**

From the claimant - **February 25, 2010.**

The parties shall comply fully with all requirements of Rule 26(a)(2) in regard to disclosure of expert testimony.

7. The deadlines set in Section 10, 11, and 12 of the June 12, 2009 Uniform Scheduling Order are extended from January 27, 2010 to **March 24, 2010**.

8. Unless specifically modified above, all other portions of the June 12, 2009 Uniform Scheduling Order remain unchanged.

DONE this the 23rd day of December, 2009.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE
