IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 2:07-cv-694-MEF |
| | ) | |
| ONE PARCEL OF PROPERTY LOCATED | ) | |
| AT 867 COUNTY ROAD 227, CLANTON, | ) | |
| CHILTON COUNTY, ALABAMA, and | ) | |
| All Appurtenances and Improvements | ) | |
| Thereon, | ) | |
| | ) | |
| Defendant. | ) | |

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 2:07-cv-1104-MEF |
| | ) | |
| EIGHTEEN THOUSAND FOUR | ) | |
| HUNDRED DOLLARS IN UNITED | ) | (WO-DO NOT PUBLISH) |
| STATES CURRENCY ($18,400), | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

In this lawsuit brought pursuant to 21 U.S.C. § 881(a)(7), Plaintiff United States of America (hereinafter "Government") seeks forfeiture of one parcel of property which it alleges was used to facilitate the manufacturing of marijuana and a sum of currency also seized from the property. Royce Williams (hereinafter "Decedent") and his wife Mara Lynn Williams (hereinafter "Williams"), owners and occupants of the property, filed claims of ownership for the parcel of real property. This case is now before the Court on the United

States' Motion for Partial Summary Judgment (Doc. # 80).  After careful consideration of

the arguments of counsel, the relevant case law and the record as a whole, the Court finds

that the motion for summary judgment is due to be DENIED.

### JURISDICTION AND VENUE

Jurisdiction is proper pursuant to  28 U.S.C. §§ 1345 and 1355.[1]  Venue is proper in

this district pursuant to 28 U.S.C. § 1395 and 21 U.S.C. § 881(j) because the act or omissions

giving rise to the forfeiture occurred in this district and the property is located within this

district.

### FACTS AND PROCEDURAL HISTORY

On July 31, 2007, the United States commenced this *in rem* action, pursuant to 21

U.S.C. § 881(a)(7), seeking the forfeiture of the residence and surrounding lands located at

867 County Road 227, Clanton, Chilton County, Alabama (hereinafter "Parcel").  It does so

on the grounds that the property was used or was intended to be used, to commit, or to

facilitate the commission of a violation of 21 U.S.C. § 841(c).  On December 19, 2007, the

United States commenced a second *in rem* action, pursuant to 21 U.S.C. § 881(a)(7), seeking

the forfeiture of the $18,400 in United States Currency, on the grounds that the currency

---

[1]  Pursuant to 28 U.S.C. § 1345, "the [federal] district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States . . ." In addition, 28 U.S.C. § 1355(a) provides that "the [federal] district courts shall have original jurisdiction, exclusive of the courts of the States, of any action or proceeding for the recovery or enforcement of any fine, penalty, or forfeiture, pecuniary or otherwise, incurred under any Act of Congress, except matters within the jurisdiction of the Court of International Trade under section 1582 of this title."

2

constituted monies furnished, or intended to be furnished, in exchange for controlled substances, or represents proceeds of trafficking in controlled substances or was used or intended to be used to facilitate violations of 21 U.S.C. §§ 801 *et seq.* The two cases were consolidated. Both Williams and Decedent filed verified claims. Viewing the facts in the light most favorable to Williams, the record before the Court establishes the following:[2]

On July 27, 2007, law enforcement agents executed a search warrant on the Parcel. As a result of this search law enforcement agents seized approximately 408 marijuana plants, 3 plastic tub containers of dried marijuana, $18,400 in United States currency, firearms, weight scales of a type used in drug trafficking, items used in marijuana cultivation, and drug paraphernalia.

On October 1, 2008, a grand jury returned a three count Indictment against Decedent charging him with manufacturing more than 100 marijuana plants in violation of 21 U.S.C. § 841(a)(1); possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(I); and possession with intent to distribute a mixture or substance containing a detectable amount of marijuana in violation of 21 U.S.C. § 841(a)(1).[3] Decedent proceeded to trial on the charges against him. At trial he testified that he had grown the marijuana for a number of years, and he admitted smoking marijuana regularly.

---

[2]  This recitation of "facts" is based upon the Verified Complaint (Doc. # 1), and the evidence submitted by the parties in support of and opposition to the motion for summary judgment.

[3]  This case is styled, *United States v. Williams*, 2:08-cr-196-MEF.

3

While the jury was deliberating and before a verdict was reached, Decedent took his own life. A suggestion of death was filed in this action. No motion for substitution was made and consequently, Decedent's claims were dismissed from this action. Williams' claims remain, and she contends that she is an innocent owner of the defendant property.

## SUMMARY JUDGMENT STANDARD

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-23.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a

4

genuine issue for trial.'" *Id.* at 324. *To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts.*" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (emphasis added). A plaintiff must present evidence demonstrating that he can establish the basic elements of his claim. *Celotex,* 477 U.S. at 322. A court ruling on a motion for summary judgment must believe the evidence of the non-movant and must draw all justifiable inferences from the evidence in the non-moving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c).

## DISCUSSION

By its motion, the Government seeks a grant of partial summary judgment recognizing the forfeitability of the Parcel.[4] Additionally, the Government seeks a ruling on the "legal interest of the United States and the legal interest of Claimant Mara Lynn Williams in the Defendant real property under federal forfeiture law." (Doc. # 81). The Court will first address whether the Government has established, based upon the undisputed facts, that it is entitled to judgment as a matter of law on the issue of forfeitability.

---

[4] The motion for summary judgment only addresses the forfeitability of the Parcel and does not address the forfeitability of the currency.

5

## I. *Forfeitability*

### A.   *Civil Asset Forfeiture Reform Act*

On April 25, 2000, Congress passed the Civil Asset Forfeiture Reform Act of 2000 (hereinafter "CAFRA"), Pub. L. No. 106-185, 114 Stat. 202, to address concerns associated with federal civil forfeitures.  Since the Government commenced this action after August 23, 2000, the date on which the CAFRA became effective, CAFRA applies to this case.

CAFRA overhauled the procedures for civil judicial forfeiture proceedings.  *See* 18 U.S.C. § 983.  Significantly, the Government now has the burden of proving by a preponderance of the evidence that the property is subject to forfeiture.  *See* 18 U.S.C. § 983(c)(1); *also United States v. One 1991 Chevrolet Corvette*, 2005 WL 1846996, * 4 (S.D. Ala. 2005) (citing 18 U.S.C. § 983(c)(1)).  Once the Government has shown that the property is subject to forfeiture, "the burden of proof shifts to the claimant to show, by a preponderance of the evidence that the property is not subject to forfeiture." *United States v. Cleckler*, 270 F.3d 1331, 1334 (11th Cir. 2001) (citation omitted).  "The claimant may meet this burden either by rebutting the government's evidence or by showing that the claimant is an innocent owner." *Id*.  Williams has claimed that she is an innocent owner of both the cash seized and the Parcel.

### B.   *Government's Burden of Proof*

At the outset, the Court  first must determine whether the Government has met its initial burden of proof to establish that the property is subject to forfeiture.  Under the

CAFRA,

(1)     the burden of proof is on the Government to establish, *by a preponderance of the evidence*, that the property is subject to forfeiture.

(2)     the Government may use evidence gathered after the filing of a complaint for forfeiture to establish, by a preponderance of the evidence, that property is subject to forfeiture; and

(3)     if the Government's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense, the Government shall establish that there was a substantial connection between the property and the offense.

18 U.S.C. § 983(c) (emphasis added).  The Government alleges that the Parcel is subject to

forfeiture pursuant to 21 U.S.C. § 881(a)(7), which provides for forfeiture of:

All real property, including any right, title and interest (including any leasehold interest in the whole of any lot or tract of land and any appurtenances or improvements), which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this subchapter punishable by more than one year's imprisonment.

21 U.S.C. § 881(a)(7).  "To obtain a civil forfeiture, the government must establish by a

preponderance of evidence 'a substantial connection between the property and the offense.'"

*U.S. v. 3402 53rd Street W., Bradenton, FL*, 178 Fed. Appx. 946, 947 (11th Cir. 2006) (citing

18 U.S.C. § 983(c)(1) & (3)).  Indeed,

if the Government's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense, the Government shall establish that there was a substantial connection between the property and the offense.

18 U.S.C. § 983(c)(3).  "Whether the government has shown probable cause for forfeiture

is a question of law."  *United States v. Cleckler*, 270 F.3d 1331, 1334 (11th Cir. 2001).

(citation omitted). "Probable cause in this context is a reasonable ground for belief: something more than mere suspicion but less than prima facie proof." *Id*. (citation omitted). Once the Government establishes probable cause, the burden of proof shifts to the claimants to show by a preponderance of the evidence that the property is not subject to forfeiture. *Id*. The claimant may do so either by rebutting the government's evidence or by showing that she is an "innocent owner" as set forth in 18 U.S.C. § 983(d). *Id*.

There is no dispute in this case that 408 marijuana plants were discovered on the Parcel. (Doc. # 1 at ¶ 9). *See Barker v. Norman,* 651 F.2d 1107, 1115 (5th Cir. 1981) (if verified complaint satisfies the other standards for affidavits as set out in Fed. R. Civ. P. 56(e), it shall be considered to have an effect equivalent to that of an affidavit).[5]  In addition, there is no dispute that Decedent testified that he grew the marijuana on the Parcel. (Doc. # Doc. # 81-5). Nevertheless, the Court is compelled to find that the Government has not established its initial burden that there is probable cause to believe that a substantial connection exists between the Parcel and the felony drug offense alleged in the Verified Complaint. For this reason, the Government's motion for partial summary judgment is due to be DENIED as to this contention.

## II.  *Legal Interest in the Property*

By its motion, the Government asks this Court to find that it has a "vested legal

---

[5]  In *Bonner v. City of Prichard, Ala*., 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued prior to October 1, 1981.

interest" in the Parcel under the applicable federal law.  In support of this argument, the Government contends that federal law preempts State law in an *in rem civil forfeiture proceeding*.  The Government contends that it is entitled to the forfeiture of the entire parcel absent proof by a preponderance of the evidence that Williams is an innocent owner of one half of the property.  The Court does not agree with the Government's analysis.

The Government's argument is predicated on legal authorities which do not support the outcome the Government urges in this case.  The Government relies on cases applying *criminal* forfeiture provisions rather than *civil* forfeiture provisions.  *See, e.g. United States v. Morgan,* 224 F.3d 339 (4th Cir. 2000) (addressing criminal forfeiture under 21 U.S.C. § 853); *United States v. Kennedy*, 201 F.3d 1324 (11th Cir. 2000) (addressing criminal forfeiture under 18 U.S.C. § 982).  The *Kennedy* case itself contains an extended discussion of significant differences between criminal and civil forfeiture actions.  201 F.3d at 133-34. The burden of proof for the Government is different in civil forfeiture cases than it is in criminal ones.   Moreover, the innocent owner exception provided in the civil forfeiture context does not exist in criminal forfeitures.  *See United States v. Fleet*, 498 F.3d 1225, 1231 (11th Cir. 2007).  "Civil forfeiture acts *in rem* against the seized property itself, but criminal forfeiture acts *in personam* as a punishment against the party who committed the criminal acts."  *Id.* (citing *United States v. Gilbert*, 244 F.3d 888, 919 (11th Cir. 2001).  In a criminal forfeiture only the property being forfeited is that which belongs to the criminal defendant.  498 F.3d at 1232.

9

The Government also cites two inapposite cases addressing the intersection between federal law and the homestead protection provided under the state law: *United States v. Lot 5 Fox Grove, Alachua County, Fla.*, 23 F.3d 359 (11th Cir. 1994) and *Smith v. State of Alabama*, 176 B.R. 221 (N.D. Ala. 1995)[6]. Those cases involve a direct conflict between the requirements of federal law and the proscriptions in state law. For example, *Lot 5* involved the United States Government's attempt to seek a civil forfeiture of a piece of property which under the Florida Constitution could not be forfeited. 23 F.3d at 360-63. The Eleventh Circuit found that federal law preempted the Florida provision which directly conflicted with it. *Id.* at 363. Importantly, this case recognizes a difference between borrowing state law defining ownership interests for the purposes of examining an innocent owner defense to a forfeiture action, which is appropriate and seeking to use a homestead exemption created by state law in an attempt to defeat a civil forfeiture. *Id.* at 363 n.7. The Government, here, contends that these cases establish that while state law defines the property interests a claimant has, federal law determines whether the property interests are forfeitable for commission of a federal crime. The Court cannot say that this issue is seriously disputed in this case. Indeed, Williams cites the Eleventh Circuit case which more clearly established this principal, a case cited in *Lot 5*. That case is *United States v. One Single Family*

---

[6] The *Smith* case relies upon the *Lot 5* case and addresses a bankruptcy court's attempt to address the intersection between a state law forfeiture action and the Alabama homestead exemption. As this Court reads this case, the Court applied Alabama law to resolve a conflict between provisions of Alabama law. The Court does not find this opinion of assistance in any way in resolving the issues before it.

*Residence with Out Buildings Located at 15621 S.W. 209th Avenue, Miami, Fla.*, 894 F.2d

1511 (11th Cir. 1990).  The sole remaining federal case the Government cites with respect

to this argument is *United States v. Real Property Described in Deeds Recorded at*

*Book/Page 639/846, 639/840, 639/834, 639/827, and 610/727 Henderson County Registry*

*& Ins. Proceeds*, 962 F. Supp. 734 (W.D.N.C. 1997).  This case is neither binding precedent,

nor persuasive authority for a disputed issue in this matter.  The sole Alabama case cited is

*Dougherty v. Hovater*, 447 So. 2d 185, 186 (Ala. 1984) (a case involving issues of

survivorship relating to stock shares), but the cited portion of that case is lifted directly from

*Nunn v. Keith*, 268 So. 2d 792 (Ala. 1972), a case on which Williams relies.

Assuming that the Government is able to establish the initial probable cause

requirement as set forth in early discussion in this Opinion, the burden will shift to Williams

to show that she is an innocent owner.  If she fails, the entire property will be subject to

forfeiture.  If she succeeds, this Court is compelled to follow the Eleventh Circuit's holding

in *One Single Family Residence*, 894 F.2d 1511.  This case explicitly provides that 21 U.S.C.

§§ 881(a) and 881(h) must be read in tandem such that any right, title and interest in the

property that

> vests in the United States upon commission of the unlawful act compromises
> only so much of the property as is 'subject to forfeiture' under the appropriate
> division of subsection (a).  The words of 881(a)(7) do not support the
> government's assertion that the innocent owner's interest amounts to whatever
> is left over after the government has effected the forfeiture.  Instead the
> government obtains through forfeiture whatever interest remains in the
> property after the innocent owner's interest has been excepted.

*Id.* at 1516.  The Eleventh Circuit further found that where, under the applicable state law, both spouses had all right, title and interest in the property by virtue of being tenants by the entirety under Florida law, there was no interest that existed in the subject property which could be forfeited to the government at that time.  *Id.*  It could not be clearer, from this binding precedent which the Government neglects to discuss or to attempt to distinguish, that state law determines the property interests which exist.

It is undisputed that the deed which transferred ownership of the Parcel to Williams and the Decedent intended that they own the property as joint tenants with rights of survivorship.  It is equally clear under Alabama law that joint tenants with rights of survivorship means that

> each tenant was seized of some fractional share while at the same time each owned the whole.  The most significant feature of such a tenancy was the right of survivorship.  When one joint tenant died, the deceased's share was owned by the surviving tenants jointly, until only one remained, who then owned the fee.  The last survivor took nothing by survivorship as he had always owned the whole.  The deaths of the other joint tenants merely removed impediments to the survivor's complete ownership.

*Nunn v. Keith*, 268 So. 2d 792, 793 (Ala. 1972).  The Alabama Supreme Court has made it plain that after having been temporarily abolished, this form of ownership exists "with all of the incidents and attributes that existed at common law" so long as the intent to have the right of survivorship is clear.  *Id.* at 795-797.  The deed at issue contains that requisite clear intent to have the right of survivorship.  Accordingly, before the death of her husband, Williams owned the whole with her husband's interest as the sole impediment to her sole ownership.

12

*See generally Nunn,* 268 So. 2d 792.  After the death of her husband, Williams owned the Parcel in fee simple.  *Id.*  This means that if Williams is an innocent owner, she is an innocent owner of the entire property and nothing can be forfeited to the Government.  *See* 894 F.2d at 1518.  To the extent that the Government sought a partial summary judgment on some different understanding of the law than this, its motion is due to be DENIED.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the United States' Motion for Partial Summary Judgment (Doc. # 80) is DENIED.

DONE this the 5th day of April, 2010.

_____ /s/ Mark E. Fuller _____
CHIEF UNITED STATES DISTRICT JUDGE

13