IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:07-cv-694-MEF |
| ) | |
| ONE PARCEL OF PROPERTY ) | |
| LOCATED AT 867 COUNTY ROAD ) | |
| 227, CLANTON, CHILTON ) | |
| COUNTY, ALABAMA, WITH ALL ) | |
| APPURTENANCES AND ) | |
| IMPROVEMENTS THEREON, ) | |
| ) | |
| Defendant. ) | |

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:07-cv-1104-MEF |
| ) | |
| EIGHTEEN THOUSAND FOUR ) | (WO- Do Not Publish) |
| HUNDRED ($18,400) DOLLARS ) | |
| IN UNITED STATES CURRENCY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on the United States' Motion for Leave to Amend Complaint (Doc. # 98) filed on April 9, 2010. At the April 9, 2010 Final Pretrial Conference, counsel for Claimant Mara Lynn Williams ("Williams") indicated that Williams would oppose any attempt by the Government to amend the allegations of the Verified Complaint (Doc. # 1), but on this date Williams's counsel has filed a response indicating that Williams

does not object to the motion for leave to amend because she can not claim surprise or prejudice and because she does not believe the Government is seeking to amend the Complaint in bad faith. Nevertheless, for the reasons set forth below, the Court finds that the motion is due to be DENIED.

## FACTS AND PROCEDURAL HISTORY

In this lawsuit brought pursuant to 21 U.S.C. § 881(a)(7), Plaintiff United States of America (hereinafter "Government") seeks forfeiture of one parcel of property which it alleges was used to facilitate the manufacturing of marijuana and a sum of currency also seized from the property. Royce Williams (hereinafter "Decedent") and his wife Mara Lynn Williams (hereinafter "Williams"), owners and occupants of the property, filed claims of ownership for the parcel of real property.

On July 31, 2007, the United States commenced this *in rem* action, pursuant to 21 U.S.C. § 881(a)(7), seeking the forfeiture of the residence and surrounding lands located at 867 County Road 227, Clanton, Chilton County, Alabama (" the Parcel"). It did so on the grounds that the property was used or was intended to be used, to commit, or to facilitate the commission of a violation of **21 U.S.C. § 841(c)**. This verified allegation was erroneous in that the United States apparently intended to allege, but did not, that the property was used or intended to be used, to commit, or to facilitate the commission of a violation of **21 U.S.C. § 841(a) and (b)**.

On December 19, 2007, the United States commenced a second *in rem* action,

pursuant to 21 U.S.C. § 881(a)(7), seeking the forfeiture of the $18,400 in United States Currency, on the grounds that the currency constituted monies furnished, or intended to be furnished, in exchange for controlled substances, or represents proceeds of trafficking in controlled substances or was used or intended to be used to facilitate violations of 21 U.S.C. §§ 801 *et seq*. The two cases were consolidated. Both Williams and Decedent filed verified claims.

The Verified Complaints arise out the a search of the Parcel in July of 2007. On July 27, 2007, law enforcement agents executed a search warrant on the Parcel. As a result of this search law enforcement agents seized approximately 408 marijuana plants, 3 plastic tub containers of dried marijuana, $18,400 in United States currency, firearms, weight scales of a type used in drug trafficking, items used in marijuana cultivation, and drug paraphernalia.

On October 1, 2008, a grand jury returned a three count Indictment against Decedent charging him with manufacturing more than 100 marijuana plants in violation of 21 U.S.C. § 841(a)(1); possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(I); and possession with intent to distribute a mixture or substance containing a detectable amount of marijuana in violation of 21 U.S.C. § 841(a)(1).[1] Decedent proceeded to trial on the charges against him. At trial he testified that he had grown the marijuana for a number of years, and he admitted smoking marijuana regularly. While the jury was deliberating and before a verdict was reached, Decedent took his own life.

---

[1] This case was styled, *United States v. Williams*, 2:08-cr-196-MEF.

A suggestion of death was filed in this action. No motion for substitution was made and consequently, Decedent's claims were dismissed from this action. Williams' claims remain, and she contends that she is an innocent owner of the defendant property and that the property is not forfeitable.

In March of 2008, the counsel for the parties[2] submitted a Report of Parties' Planning Meeting suggesting a trial in November of 2008 and proposing a deadline of April 18, 2008 for any amendment to the pleadings. On March 25, 2008, this Court entered a Uniform Scheduling Order (Doc. # 41) pursuant to Federal Rule of Civil Procedure 16. This Uniform Scheduling Order set a deadline of June 6, 2008 for the amendment of the pleadings by any party. The United States did not object to this deadline, nor did it file any motion seeking to extend it prior to its passing.

Nearly a month after the first deadline for amendment of pleadings, the United States filed a motion seeking to stay the consolidated cases. For good cause shown, this motion was granted. On June 12, 2009, the Court entered another Uniform Scheduling Order (Doc. # 52). This time the trial was set for March 8, 2010. The Court specifically noted that the deadline for filing motions to amend the pleadings had expired and would not be extended. *See* Doc. # 52 at § 4. Again the United States did not object.

In December of 2009, the attorney originally representing Williams and Decedent

---

[2] By this date, the United States was represented by Tommie Brown Hardwick, who is currently lead counsel for the United States.

withdrew and Williams' current counsel filed his appearance in the case. Williams sought leave to demand a jury trial. The Court granted this motion over the United States' objection. This resulted in the trial being continued to May 3, 2010. Additionally, the Court granted an extension of the deadline for the completion of discovery and certain other deadlines in the Uniform Scheduling Order of June 12, 2009, but specifically declined to change the deadline for amending pleadings. Nonetheless, on January 27, 2009, counsel for Claimant sought leave to amend the Answer filed by his predecessor on February 18, 2008. This motion stated good cause for the relief requested and was not opposed. The Court granted it.

Long after the deadline for the filing of dispositive motions had passed, the United States sought leave to file a motion for partial summary judgment on the issue of the forfeitability of the Parcel. The Court granted the United States leave to file the motion out of time. The Court considered the merits of the motion and denied the request for partial summary judgment on April 5, 2010.

On the morning of April 9, 2010, counsel for the parties appeared for before the Court for a Final Pretrial Conference. Prior to this appearance, the parties had jointly prepared and submitted a Proposed Pretrial Order. The United States' contentions in this Proposed Pretrial Order alleged that the Parcel was used or intended to be used, to commit, or to facilitate the commission of a violation of Title 21 United States Code, Section 801, *et seq*. A material variance from the allegations of the July 2007 Verified Complaint with respect to the alleged basis for the forfeiture of the Parcel. The Court noted this variance and asked counsel for

5

Williams if there was an objection to the United States' attempt to amend the Complaint through the unverified contentions in the Proposed Pretrial Order, which after its entry would supplant the pleadings, including the original Verified Complaint. Counsel for Williams indicated at that time that there was an objection to such an amendment. The Court indicated that absent a properly supported motion for leave to amend the Verified Complaint, the Court would not allow the amendment the United States proposed.[3] The United States filed its written motion. Either as a result of a negotiated compromise with the United States in order to correct a deficiency in her own contentions in the Proposed Pretrial Order or because she did not believe that the legal grounds for opposing the United States' motion pursuant to Federal Rule of Civil Procedure 15 existed, Williams stated that she did not oppose the motion.

## DISCUSSION

The issue before the Court is whether the Court should allow a material allegation of a verified complaint to be amended more than twenty-two months after the deadline set for such amendments and less than one month before trial. The United States argues that Federal Rule of Civil Procedure 15(a) requires this Court to freely give leave to amend the pleadings

---

[3] It is not at all clear to the Court that the United States intentionally attempted to amend its allegations by its contentions. All counsel seemed absolutely unaware of the significant defect in the Verified Complaint, a document prepared by an attorney no longer with the United States Attorney's Office prior to current counsels' appearances in this case. Nonetheless, the effect of the proposed contentions was a material change to the legal predicate for the forfeiture of the Parcel.

when justice so requires. The United States fails to address a significant exception to that rule, namely where there has been undue delay. *See, e.g., Innova/Pure Water, Inc. v. Safari Water Filtration Sys., Inc.,* 381 F.3d 1111, 1124 (11th Cir. 2004) (holding that the district court did not err in denying the motion for leave to amend due to undue delay where plaintiff sought to amend months after the deadline for filing dispositive motions passed); *Carruthers v. BSA Advertising, Inc.*, 357 F.3d 1213, 1217-18 (11th Cir. 2004) (same); *Lowe's Home Ctrs., Inc. v. Olin Corp.*, 313 F.3d 1307, 1315 (11th Cir. 2002). The Court finds that the United States unduly delayed in seeking to correct this significant error of law, not fact, in its allegations. For this reason, its motion is due to be DENIED.

Furthermore, the Court finds that the parties have failed to address the proper standard for the relief sought. By arguing grounds pursuant to Rule 15, the United States overlooks that, given the procedural posture of this case, the applicable standard is that set forth in Federal Rule of Civil Procedure 16. Federal Rule of Civil Procedure 16(b) provides that a schedule, such as the ones this Court set by entering the Uniform Scheduling Orders in this case, "*shall not be modified except upon a showing of good cause*" and by leave of court. Fed. R. Civ. P. 16(b) (emphasis added). By seeking to file a motion to amend out of time, the United States is necessarily seeking a modification of a deadline imposed by this Court pursuant to its authority under Rule 16. It is well-settled that in making a motion for leave to amend a pleading after the deadline set by a court's scheduling order, a party must show good cause exists for its untimely attempt to amend the party's claim. *See, e.g., Southern*

*Grouts & Mortars, Inc., v. 3M Co.*, 575 F.3d 1235, 1241-42 (11th Cir. 2009) (applying the Rule 16 good cause standard rather than the more liberal standard of Rule 15 to attempt to amend pleading after deadline set by Court's scheduling order is appropriate); *Romera v. Drummond Co.*, 552 F.3d 1303, 1318-19 (11th Cir. 2008) (same); *Reese v. Herbert*, 527 F.3d 1253, (11th Cir. 2008) (same); *Oravec v. Sunny Isles Luxury Ventures, L.C.,* 527 F.3d 1218, 1231-32 (11th Cir. 2008) (same); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (same).[4] "To establish good cause, the party seeking the extension must have been diligent." *Romero*, 552 F.3d at 1319. Where a party fails to diligently ascertain the applicable law, that party cannot satisfy the good cause standard. *Id*. The failure of a party or its counsel to understand a point of law does not constitute good cause. *Oravec*, 527 F.3d at 1232 (explaining that a plaintiff did not establish good cause by stating that it did not know about the jurisdictional defect of its claims until notified of those defects by the district court after the deadline for amending pleadings).

The United States contends that it discovered what it explains was a typographical error in the Verified Complaint only when the Court brought it to counsel's attention at the Final Pretrial Conference and that it immediately sought leave to amend the Verified Complaint. The United States contends that it is seeking to correct its error "at the earliest possible moment." The Court disagrees. Nothing would have prevented counsel for the

---

[4] It is worth noting that in each and every one of these cases, the Eleventh Circuit Court of Appeals affirmed a district court's denial of a motion for leave to amend filed after the deadline for such amendments as set by the scheduling order.

United States from discovering its error[5] by carefully reading the Verified Complaint when she took over this case from her precedessor in February of 2008. At that point in time, the Court had not yet entered its Uniform Scheduling Order, and there would have been absolutely no reason for the Court to deny the motion at that point. The Court is not satisfied that United States has made a showing of good cause for the amendment it seeks leave to file. It appears that United States had at its disposal all the information it needed to amend the Verified Complaint for months prior to the deadline for amendments, but failed to seek leave to amend the Verified Complaint prior to that deadline. Indeed, it waited until the dispositive motions were finished and the trial was weeks away before seeking leave of court for the proposed amendment. In light of the United States' lack of diligence in protecting its rights, its attempt to amend its Verified Complaint nearly two years after the deadline for amending pleadings set by the scheduling order and only weeks before trial is not supported by good cause.

---

[5] As is evident from the United States' efforts to revise the Verified Complaint and the Proposed Pretrial Order at this late date, this is not a trivial error. This error is in the key allegation on which the forfeiture of the Parcel is predicated. Obviously in a civil forfeiture action, the stakes are high. The law itself requires the verification of the complaint for the action to be commenced.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the United States' Motion for Leave to Amend Complaint (Doc. # 98) filed on April 9, 2010 is DENIED.

DONE this the 14th day of April, 2010.

                                              /s/ Mark E. Fuller
                                      CHIEF UNITED STATES DISTRICT JUDGE